ROBERT G. AMES *vs.* HENRY B. JORDAN.

Waldo.    Opinion, December 27, 1880.

*Neligence.    Master and Servant.    Contract.*

If one agrees to furnish another with a team and suitable driver, he is guilty of negligence if he does not furnish such a driver, and he must bear all loss or damage occasioned to the team in consequence of the incapacity and negligence of the driver.

The employer would be liable for the acts of the driver done in pursuance of his orders, but the owner would be liable for the results of his incompetency.

ON EXCEPTIONS.

The opinion states the case.

*H. D. Hadlock*, for the plaintiff.

Perry, the teamster, was under the supreme control of the defendant, and therefore his servant.    Sher. & Redf. Neg. (3d ed.) § 73.

It was the duty of the defendant to provide a safe place for landing and suitable means to carry on his business.    *Curley* v. *Harris*, 11 Allen, 112; *Snow* v. *Housatonic R. Co.* 8 Allen, 441; *Sweeny* v. *O. C. & N. R. R.* 10 Allen, 368; *Wendell* v. *Baxter*, 12 Gray, 494; *Worster* v. *R. R.* 50 N. Y. 203; *Mersey*

*Docks* v. *Gibbs*, 11 H. L. Cases, 686 ; *Sawyer* v. *Oakman*, 7 Blatch. 290 ; *Campbell* v. *Portland Sugar Co.* 62 Maine, 552.

When one person does an act under the direction of another, the person thus directing is liable for the resulting damages. Sher. & Redf. Neg. § 59, p. 80, n. 3 ; *Page* v. *Defries*, 7 Best and S. 137 ; *Southwick* v. *Estes*, 7 Cush. 385 ; Edwards' Bailments, § 389.

*George S. Peters* and *Wm. H. Fogler*, for the defendant.

APPLETON, C. J.  The defendant hired a pair of horses and a driver of the plaintiff, to be employed by him in lumbering operations during the winter of 1878 and 1879.  While so employed the horses were drowned and the plaintiff brings this action to recover compensation for their loss, on the ground that it occurred through the negligence of the defendant, or that of those in his employ.

The plaintiff engaged to furnish a suitable driver for his team. The team and the suitable driver were to be furnished for forty dollars a month.  The defence was that the loss occurred through the carelessness and want of ordinary prudence on the part of Perry, the driver, furnished by the plaintiff, and that in such case, the defendant would not be liable for their loss.

It was for the plaintiff to furnish a suitable driver.  He was guilty of negligence in not furnishing such a one, and must suffer for the consequences of his negligence.  If, then, the negligence and carelessness of Perry, occasioned the loss of the plaintiff's horses, the defendant is not liable and the jury should have been so instructed.

It is true the horses and driver were under the control and management of the defendant, and he was responsible for whatever was done in pursuance of his orders.  He was to see that the landing place provided for logs was a safe one and if not so, he was responsible therefor.  The driver in obeying his orders is his servant, for whose acts he is liable so far as within the scope of his employment, but the results *of his incompetency*, the plaintiff must bear for he should have furnished a suitable servant.

*Exceptions sustained.*

WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.